MEMORANDUM **
Gerald D.W. North appeals pro se the district court’s judgment affirming the bankruptcy court’s February 23, 2004 order appointing a Chapter 11 trustee. We review for abuse of discretion. Lowenschuss v. Selnick, 171 F.3d 673, 685 (9th Cir.1999). We affirm.
Under the bankruptcy code, “[a]t any time after the commencement of the ease but before confirmation of a plan, on request of a party in interest ... and after notice and a hearing, the court shall order the appointment of a trustee—(1) for cause ... (2) if such appointment is in the best interest of creditors ... or (3) if grounds exist to convert or dismiss the case under section 1112.” See 11 U.S.C. § 1104(a). The bankruptcy court granted Desert Hills’ motion for cause under 11 U.S.C. § 1104(a)(1) and in the best interests of creditors under 11 U.S.C. § 1104(a)(2). Either one of these two, independent *627 grounds was sufficient to justify granting Desert Hills’ motion. North’s non-compliance with the bankruptcy court’s January 7, 2004 order and repeated failure to comply with the bankruptcy code were good cause to appoint a trustee and to support the bankruptcy court’s finding that it was in the creditors’ best interests to have an independent and disinterested trustee to administer the estate. See Lowenschuss, 171 F.3d at 685; see also In re AG Serv. Ctrs., L.C., 239 B.R. 545, 550-51 (Bankr. D.Mo.1999); In re Cohoes Indus. Terminal, Inc., 65 B.R. 918, 922 (Bankr.S.D.N.Y. 1986). The fact that North is a lawyer makes his conduct especially inexcusable.
North’s other arguments on appeal are meritless. There is no evidence in the record to suggest that the bankruptcy court’s appointment of a trustee was a disguised sanction. Moreover, in determining whether to appoint a trustee, section 1104 does not require the bankruptcy court to engage in a cost-benefit analysis or to consider less intrusive remedies. See 11 U.S.C. § 1104(a). In sum, although the appointment of a Chapter 11 trustee is an extraordinary measure, it was merited here.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.